# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

ROGELIO CORTEZ,

        Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

2:13–cv–1496–APG–VCF

**REPORT & RECOMMENDATION**

This matter involves Plaintiff Rogelio Cortez's appeal from Defendant Carolyn W. Colvin's final decision denying Cortez's social security benefits. (Compl. (#3) at 2:2–24[1]). Before the court is Cortez's motion for reversal and remand (#14). The Commission filed an opposition (#21); Cortez did not reply. Also before the court is the Commissioner's unopposed cross-motion for summary judgment (#20). For the reasons stated below, the court recommends denying Cortez's motion and granting the Commissioner's motion.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security

---

[1] Parenthetical citations refer to the court's docket and administrative record.

renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

Cortez's appeals presents three questions: (1) whether Cortez's residual functional capacity allows him to perform alternative work, (2) whether the ALJ's alleged failure to propound a complete hypothetical is reversible error, and (3) whether alternative work exists in significant numbers in the national or regional economy. Each is addressed below.

2

I.      **Whether Cortez's Residual Functional Capacity allows him to Perform Alternative Work**

Cortez argues that the ALJ's findings regarding Cortez's residual functional capacity and ability to perform alternative work were incorrect because the vocational expert's testimony conflicts with the Dictionary of Occupational Titles. (Pl.'s Mot. for Remand (#14) at 4:9–5:3). The court disagrees.

To qualify for benefits under the Social Security Act, the claimant must demonstrate his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the claimant demonstrates this inability, the Commissioner must show that the claimant is capable of performing alternative work. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). When making this determination, the ALJ considers, *inter alia*, the claimant's residual functional capacity, [2] testimony from a vocational expert, and the Dictionary of Occupational Titles, which contains "information about the requirements of work in the national economy." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (citing SSR 00–4p at *2)).

If the vocational expert's testimony conflicts with the Dictionary of Occupational Titles, then the ALJ's procedural duty to develop the records requires the ALJ to obtain a reasonable explanation from the expert for the conflict. *Massachi*, 486 F.3d at 1153. The ALJ's failure to develop the record in this regard is only reversible if the error is not harmless. *Id*. at 1154 & n. 19.

Here, Cortez alleges that the vocational expert's testimony conflicts with the Dictionary of Occupational Titles because the Dictionary does not mention a sit/stand option and the vocational expert did. (Pl.'s Mot. for Remand (#14) at 8–10). This argument is unpersuasive. A conflict requires the existence of two opposing facts. *See, e.g.*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th ed.

---

[2] Residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.

3

2001), conflict ("The opposition of persons or forces"); BLACK'S LAW DICTIONARY (9th ed. 2009), conflict ("A state of open hostility between **two** nations, or between a nation and an aggressive force.") (emphasis added). Cortez attempts to create the specter of a conflict by arguing that absence if sufficient for an opposition. This is not only illogical, but it would render vocational experts useless if their testimony could not add to, or depart from, the Dictionary of Occupational Titles.

Accordingly, when the Dictionary of Occupational Titles is silent on a matter, several courts have held that no conflict exists. *Johns v. Colvin*, No. 1:12–cv–254–EJF, 2014 WL 897030, at *12 (D. Utah, March 6, 2014) (citing *Zblewski v. Astrue*, 302 Fed. App'x 488, 494 (7th Cir. 2008); *Stevens v. Colvin*, No. 5:12–cv–1105, 2013 WL 1747728, at *9 (N.D. Ohio Apr. 23, 2013); *Conn v. Astrue*, 852 F. Supp. 2d 517, 528–29 (D. Del. 2012)).

This conclusion comports with the underlying purpose of the Dictionary of Occupational Titles. As stated in SSR 00–4p, the Dictionary "lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." This means that the Dictionary is not exhaustive and that a vocational expert "might provide more specific information than is contained in the DOT." *Seay v. Astrue*, No. 3:09–cv–01044, 2011 WL 780693, at *12 (M.D. Tenn. Feb. 28, 2011).

**II.    Whether the ALJ's Alleged Failure to Propound a Complete Hypothetical is Reversible Error**

Next, Cortez argues that the ALJ prosed an incomplete hypothetical to the vocational expert, and improperly relied on the vocational expert's testimony, because the ALJ's RFC limited Cortez to occasional overhead reaching without expressly presenting this limitation to the vocational expert. (Pl.'s Mot. for Remand (#14) at 11–13). This argument is also unpersuasive. The alternative work that the vocational expert testified Cortez could perform (i.e., final assembler, lamp shade assembler, and lens

4

block gauager) requires, according to the Dictionary of Occupational Titles, general reaching. (*See* Def.'s Opp'n (#21) at 8:8). The Dictionary of Occupational Titles does not specify which direction the worker must reach. (*See id*.)

Because the Dictionary of Occupational Titles' requirement of general reaching may involve overhead reaching, Cortez argues that the ALJ committed reversible error. In contrast, because the Dictionary's requirement of general reaching may not involve overhead reaching, the Commissioner argues that the ALJ did not commit reversible error. As stated above, the court cannot draw any meaningful conclusions from the Dictionary's silence. *See Johns*, 2014 WL 897030, at *12. Additionally, because record supports more than one reasonable interpretation (*viz.* whether general reaching includes overhead reaching) the parties' dispute must be resolved in the Commissioner's favor. *Burch*, 400 F.3d at 679 (stating that the court must uphold the Commissioner's interpretation if the record supports more than one reasonable interpretation).

### III. <u>Whether Alternative Work Exists in Significant Numbers in the National or Regional Economy</u>

Finally, Cortez argues that the ALJ erred in concluding that a significant number of jobs, which Cortez can perform (i.e., final assembler, lamp shade assembler, and lens block gauager), exist in the national or regional economy. (Pl.'s Mot. for Remand (#14) at 15–19). Cortez's argument is twofold. He asserts, first, that final assembler, lamp-shade-assembler, and-lens-block-gauager jobs do not exist in significant numbers and, second, the ALJ erred in identifying Nevada as the relevant region. (*Id*. at 15, 18). The court is unpersuaded.

A claimant is not disabled unless he cannot engage in "work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives." 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c. Work that exists in the national economy means work that exists in

5

significant numbers either in the region where such individual lives or in several regions of the country." *Id.*

Cortez's arguments are precluded by the Ninth Circuit's decision in *Gutierrez v. Commissioner of Social Security*, 740 F.3d 519, 527 (9th Cir. 2014). In *Gutierrez*, the Court stated that a claimant waives his right to challenge a vocational expert's testimony regarding the number of jobs available if the issue is not raised at the hearing. *Id.* Additionally, the court held that a state may qualify as a "region" for purposes of section 1382c(a)(3)(B).

Here, the record contains no evidence that Cortez's challenged the vocational expert's testimony regarding the number of jobs available in Nevada. Accordingly, this argument is waived. *Gutierrez*, 740 F.3d at 527. Cortez's argument that the ALJ erred in identifying Nevada as the relevant region is also defeated by *Gutierrez. Id.*

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff Rogelio Cortez's Motion for Reversal (#14) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's motion for summary judgment (#20) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 31st day of March, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

6